**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NANA HENRY<br>7429 Euston Road<br>Elkins Park, PA 19027 | : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.:_____ |
| v. | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| M-G ASSOCIATES, L.P. d/b/a<br>THE KLEIN COMPANY<br>1600 Market Street, Suite 3150<br>Philadelphia, PA 19103 | : <br> : <br> : <br> : | |
| Defendant. | : <br> : | |

**CIVIL ACTION COMPLAINT**

Ms. Nana Henry ("Plaintiff," or "Ms. Henry,") by and through her undersigned counsel, hereby avers as follows:

**INTRODUCTION**

1. Ms. Henry has initiated this action to redress violations by M-G Associates, L.P., d/b/a The Klein Company ("Defendant") of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000e et seq.); 42 U.S.C. §1981 ("§1981"), and the Pennsylvania Human Relations Act ("PHRA" - 43 P.S. Section 951 et seq.).[1]

2. Ms. Henry alleges, *inter alia*, that she was pretextually terminated shortly after making complaints about racial harassment and discrimination.

---

[1] [1] Plaintiff will seek leave to amend her instant Complaint to include claims arising under the PHRA on or about September 11, 2026, once her administrative remedies as to those claims are fully exhausted. Plaintiff's claims arising under the PHRA mirror the instant Title VII claims.

3.      As a direct consequence of Defendant's unlawful actions, Ms. Henry seeks damages as set forth herein.

## JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws. This Court has supplemental jurisdiction over Plaintiff's state law claim(s) because such claim(s) arise out of the same common nucleus of operative facts as her federal claims asserted herein.

5.      This Court may properly assert personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

6.      Pursuant to 28 U.S.C. § 1391(b)(1)-(2), venue is properly laid in this district because the events giving rise to this lawsuit occurred here and Defendant is deemed to reside where it is subjected to personal jurisdiction, rendering Defendant a resident of the Eastern District of Pennsylvania.

7.      Ms. Henry filed a Charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") and also dual-filed the Charge with the Pennsylvania Human Relations Commission ("PHRC").

8.      Ms. Henry has properly exhausted her administrative remedies before initiating this action by timely filing and dual-filing her Charge with the EEOC and PHRC, and by filing the instant lawsuit within 90 days of receiving the EEOC's Right-to-Sue letter.

**PARTIES**

9.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Ms. Henry is an African-American/Black individual, with an address as set forth in the caption.

11.     Defendant is a Pennsylvania limited partnership with a principal place of business as set forth in the caption.  Defendant is a privately-owned real estate development, construction and management company which owns and manages apartment complexes in multiple states.

12.     At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FACTUAL BACKGROUND**

13.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.     On or about February 5, 2024, Defendant hired Ms. Henry as an Assistant Property Manager at the Mill Grove Apartments in Norristown, PA, and employed her in that capacity until unlawfully terminating her on or about April 25, 2025, as discussed herein.

15.     Ms. Henry's immediate supervisor was Defendant's Property Manager Melissa Thompson ("Thompson" - African American/Black), Defendant's Regional Manager Melinda Hartrum ("Hartrum" - Caucasian/White), and Defendant's Regional Training and Operations Manager Liz Cobb ("Cobb" – Caucasian/White).

3

16. Shortly after Ms. Henry and Thompson were hired, a well-respected Regional Manager Veda Williams ("Williams" – African American/Black), suddenly separated from Defendant under suspicious and upon information and belief, racially motivated circumstances.

17. Following Williams' departure, Defendant replaced her with Hartrum and the tone and environment for Black employees became markedly different (and worse).

18. By way of example only, once Hartrum took over:

    a. Ms. Henry's strong performance and contributions were routinely ignored or dismissed;

    b. Cobb and Hartrum routinely dismissed and degraded both Ms. Henry and Thompson (unlike other non-Black or African-American employees);

    c. consistent with Defendant's pattern and practice of avoiding placing women of color into higher-level management roles, Ms. Henry's requests for transfer and/or promotion were summarily denied (despite being highly qualified);

    d. at Hartrum's request Cobb engaged in surveillance of Ms. Henry and Thompson;

    e. Cobb took credit for work Ms. Henry and Thompson did and intentionally omitted their contributions; and

    f. Hartrum fostered a hostile work environment.

19. By way of further background, Ms. Henry's co-worker, Defendant's Service Manager Christopher Wisniewski ("Wisniewski"), frequently made racially charged comments to Ms. Henry, and told her that he felt that she "hated him" because he was Caucasian/White.

20. These racially charged statements were unwelcome, offensive, and without merit.

21.    When Ms. Henry complained to Hartrum about Wisniewski's aforementioned discriminatory conduct in or about June 2024, Hartrum summarily dismissed Ms. Henry's concerns without taking any further action.

22.    In or about September 2024, Ms. Henry made another complaint, this time to both Hartrum and Defendant's Human Resources Manager Cindy Harris ("Harris" – Caucasian/White) about Wisniewski's racial discrimination towards Defendant's Groundskeeper Zachary Taylor (African-American/Black).

23.    While Ms. Henry tried to transfer to another location, her application was blocked by Hartrum without any reasonable justification.

24.    Finally, due to the ongoing hostile work environment, racially discriminatory practices, and retaliation she was facing, Ms. Henry was forced to file another complaint with Harris on or about February 24, 2025.

25.    Two (2) days later, on or about February 26, 2025, Ms. Henry discussed her aforementioned concerns with Harris during a telephone call and explained her concerns with Hartrum, Cobb, Wisniewski, and the racially charged and hostile working environment.

26.    Approximately one (1) week later, on or about March 5, 2025, Defendant terminated Wisniewski, in part due to Ms. Henry's substantiated complaints.

27.    That same day, Ms. Henry had a private conversation with Thompson in the office during which Ms. Henry expressed her aforementioned concerns about the company's direction, leadership, and the discriminatory culture that had become so pervasive.

28.    A short time later, upon information and belief, Hartrum asked Thompson to "keep an eye on" Ms. Henry and report any "suspicious behavior."

29.     Hartrum also approached several other coworkers and solicited them for any "smoking gun" information she could use to terminate Ms. Henry's employment.

30.     Upon information and belief, Hartrum and Defendant had a practice of secretly recording audio of employees' conversations without their knowledge or consent, and enlisting employees to surveil and report on Ms. Henry.

31.     On or about April 24, 2025, Defendant abruptly terminated both Ms. Henry and Thompson without any prior warnings, discipline, documentation, or adherence to Defendant's own policies and procedures.

32.     Upon information and belief, Defendant, specifically Hartrum and Cobb, had been searching for any reason to terminate Ms. Henry.

## COUNT I
## Violations of Title VII
### ([1] Race/Color Discrimination; [2] Hostile Work Environment; and [3] Retaliation)

33.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34.     During Plaintiff's employment with Defendant, she was subjected to pervasive disparate treatment, selective scrutiny, and derogatory treatment due to her race/color.

35.     Plaintiff opposed Defendant's discrimination and made repeated complaints to Defendant's HR and management team, *supra*.

36.     Instead of investigating and/or properly remediating Plaintiff's aforesaid complaints of race/color discrimination, Defendant ignored them, left her legitimate concerns unresolved, and subjected her to further hostility and animosity.

37.     Defendant subjected Plaintiff to a continuing hostile work environment in retaliation for engaging in protected activities, including making internal complaints.

38. Based on the foregoing, Plaintiff believes and avers that her race/color was a motivating or determinative factor in Defendant's decision to subject her to a hostile work environment and/or terminate her employment.

39. Plaintiff also believes and therefore avers that she was subject to a hostile work environment and eventually terminated in retaliation for engaging in protected activity under Title VII.

40. These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

**COUNT II**
**Violations of 42 U.S.C. §1981**
**([1] Race/Color Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**

41. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

42. During Plaintiff's employment with Defendant, she was subjected to pervasive disparate treatment, selective scrutiny, and derogatory treatment due to her race/color.

43. Plaintiff opposed Defendant's discrimination and made repeated complaints to Defendant's HR and management team, *supra*.

44. Instead of investigating and/or properly remediating Plaintiff's aforesaid complaints of race/color discrimination, Defendant ignored them, left her legitimate concerns unresolved, and subjected her to further hostility and animosity.

45. Defendant subjected Plaintiff to a continuing hostile work environment in retaliation for engaging in protected activities, including making internal complaints.

46.     Based on the foregoing, Plaintiff believes and avers that her race/color was a motivating or determinative factor in Defendant's decision to subject her to a hostile work environment and/or terminate her employment.

47.     Plaintiff also believes and therefore avers that she was subject to a hostile work environment and eventually terminated in retaliation for engaging in protected activity under §1981.

48.     These actions as aforesaid constitute unlawful discrimination and retaliation under §1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, overtime, bonuses, medical and other benefits, training, promotions, pension, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered unlawful employment practices, retaliation, and discrimination at the hands of Defendant until the date of verdict;

B.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law(s) asserted herein, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.      Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate including compensatory damages including damages for emotional distress;

D.      Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.      Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.      Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:

Ari R. Karpf, Esq. (91538)
8 Interplex Drive, Suite 210
Feasterville-Trevose, PA 19053
(215) 639-0801
akarpf@karpf-law.com
*Attorneys for Plaintiff*

Dated: July 10, 2026

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Nana Henry | : | CIVIL ACTION |
| v. | : | |
| M-G Associates, L.P. d/b/a The Klein Company | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court.  (See reverse side of this form for a detailed explanation of special management cases.)    (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (x )

| | | |
|---|---|---|
| 7/10/2026 | | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-639-0801 | 215-639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

10/2024

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM

Place of Accident, Incident, or Transaction: _Defendants place of business_

**RELATED CASE IF ANY:** Case Number:_____ Judge:_____

| | | |
|---|---|---|
| 1. | Does this case involve property included in an earlier numbered suit? | Yes ☐ |
| 2. | Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? | Yes ☐ |
| 3. | Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? | Yes ☐ |
| 4. | Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? | Yes ☐ |
| 5. | Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. | Yes ☐ |

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

**A.** *Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief **\*see certification below\***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

**B.** *Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*_____
  _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

### ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

HENRY, NANA

**(b)** County of Residence of First Listed Plaintiff     Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Ari R. Karpf, Esq.; Karpf, Karpf & Cerutti, P.C., 8 Interplex Drive, Suite 210, Feasterville-Trevose, PA 19053; 215-639-0801; akarpf@karpf-law.com

## DEFENDANTS

M-G ASSOCIATES, L.P. d/b/a THE KLEIN COMPANY
County of Residence of First Listed Defendant     Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent – Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE    7/10/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____